UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARA M. PILIERO

      Plaintiff,         **Case No. _____**

    -against-

                 **COMPLAINT**

BARTLETT LLP

      Defendant.
------------------------------------------------------------------------X

    Plaintiff CARA M. PILIERO (hereinafter referred to as "Plaintiff" or "Piliero"), by and through her attorneys, BERLINGIERI LAW, PLLC, as and for her Complaint in this action against the Defendant BARTLETT LLP (hereinafter referred to as "Defendant" or "Bartlett"), respectfully alleges as follows:

## NATURE OF CASE

1.   Plaintiff complains pursuant to the Americans with Disabilities Act of 1990 ("ADA") as amended, 42 U.S.C. Sec. 12101 *et seq.*, the laws of the State of New York, New York State Human Rights Law ("NYSHRL"), Art. 15 Executive Law Sec. 296 *et seq.*, based upon the supplemental jurisdiction of this Court seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, disability discrimination, failure to accommodate, retaliation and constructive discharge by Defendant.

2.   Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction as this case involves a Federal Question under the ADA.  The Court also has jurisdiction pursuant to 42 U.S.C. §12201; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

4.      This Court has supplemental jurisdiction under the State laws of New York.  This Court has supplemental jurisdiction over Plaintiff's related claims arising under the Executive Law and any and all state and local law pursuant to 28 U.S.C. §1367 (a).

## PROCEDURAL HISTORY

5.      On or about August 20, 2018, Plaintiff submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC").   The federal charge number is 520-2018-04037.

6.      On or about April 23, 2019, the EEOC issued a final Determination finding there is reasonable cause to believe that Bartlett discriminated against Plaintiff based upon her disability. The Determination is attached hereto as **Exhibit A**.

7.      The EEOC issued a Notice of Right to Sue dated June 28, 2019.  The Plaintiff has filed this instant action within ninety (90) days from her receipt of the Notice of Right to Sue, and as a result, the Plaintiff has fully complied with the administrative prerequisites. The Notice of Right to Sue is attached hereto as **Exhibit B**.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b).   The acts and transactions complained of herein occurred in this District, Plaintiff resides and resided in this District during the course of her employment, and Defendant was and is located in this District.

## THE PARTIES

9.      At all times relevant to this Complaint, Plaintiff is an individual residing in the County of Westchester, State of New York.

10.     Upon information and belief, at all times relevant to this Complaint, Defendant is a law firm.

11.     During Plaintiff's employment with Defendant, Defendant was located at 81 Main Street, White Plains, New York 10601.

12.     Upon information and belief, Defendant moved office location and is currently located at 711 Westchester Avenue, Suite 405, White Plains, New York 10604.

13.     Upon information and belief, at all times relevant to this Complaint, Defendant has employed twenty (20) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year and meets the definition of an "employer" under Title VII and all applicable state and local statutes.

14.     At all relevant times herein, Defendant was an "employer" within the meaning of the NYSHRL.

## STATEMENT OF FACTS

15.     Plaintiff was employed by Defendant from February 23, 2017 until her constructive discharge on April 12, 2018.

16.     At all relevant times herein, Plaintiff was employed as a Legal Secretary.

17.     In or about 2013, Plaintiff was diagnosed with L4/L5 herniated discs with a left annular tear.  Plaintiff also suffers from right knee meniscus tear, right knee tri-compartmental osteoarthritis, serious back pain and serious knee pain.

18.     At all relevant times herein, Plaintiff has been under the care of a doctor and engaged in extensive physical therapy to treat the conditions.

19.     In or about February 2017, Respondent's employee Warren Roth, Esq. advised Plaintiff of an open position as a legal secretary at Bartlett's White Plains office, where he was Of Counsel. Roth told Plaintiff to follow up with Office Manager Karen Falco, and Plaintiff did so.

20.     When Plaintiff interviewed with Falco, Plaintiff advised her that due to her disability she could only accept the job if she could park in the building.

21.     At all relevant times herein, the building in which Bartlett's office was located, i.e. 81 Main Street, White Plains, New York 10604, had parking on the lower levels under the building, and the building entrances were accessible by elevators.

22.     Falco offered Plaintiff the position of Legal Secretary, along with a parking space she could use.  Plaintiff accepted the position and the reasonable accommodation.

23.     In or about June/July 2017, Bartlett terminated Falco's employment.  Falco's job duties were assumed by Billing Specialist Brendan Elliott ("Elliot").

24.     On or about August 31, 2017, Elliott sent an email to all of the non-lawyers at the law firm.  The email stated, "Beginning tomorrow, September 1, 2017, ***NO ONE*** is allowed to park in the 81 Main [S]treet parking garage unless you have been previously ***Assigned*** a spot.  If you need an accommodation to be made for you, please see me and we will discuss what is necessary for a spot in the building to be assigned to you."

25.     Within minutes of receiving Elliott's email, Plaintiff responded by email advising him that she had been parking in the garage since she was hired and she required that reasonable accommodation.  Elliott replied that Plaintiff should see him to discuss the matter.

26.     On or about August 31, 2017, Plaintiff met with Elliott, and Elliott told her that she would have to provide a doctor's note.  Elliott told Plaintiff that until she provided the doctor's note, Plaintiff would have to park across the street in the garage under Sears.

27.     In order to get from the Sears garage to Bartlett's office, Plaintiff was required to walk uphill which caused pain in Plaintiff's knees and back.

28.      Because of Plaintiff's disability, walking on an incline is particularly painful and substantially aggravates her condition.

29.     On or about September 6, 2017, Plaintiff sent Elliott her doctor's note via email. Plaintiff's doctor wrote, "It is imperative that Cara park her car as close to her office as possible as to limit the amount of time she needs to walk."  In the email, Plaintiff asked Elliott to advise her about the parking space as soon as possible.

30.     On September 11, 2017, Plaintiff emailed Elliott asking about the status of the parking space.  Plaintiff told Elliott that it had been difficult for her to walk the slope out of the Sears garage that day.

31.     On September 11, 2017, Elliott replied that he could not guarantee that he could get any more parking spaces in the building and suggested Plaintiff take the spaces of attorneys when they were out but said otherwise Plaintiff had to park across the street.

32.     On September 11, 2017, Plaintiff replied to Elliott saying that she did not understand why Elliott requested the doctor's note.  Plaintiff asked Elliott, "How is the firm accommodating my disability?"

33.     On September 11, 2017, Elliott emailed Plaintiff stating that building management told him that there were no spots and no accommodation for people with "handicap placards."  Elliott insisted there was nothing he could do about it.

34.     On September 11, 2017, Plaintiff responded by reminding Elliott that he told Plaintiff that in order to get a parking space Plaintiff needed a doctor's note, which Plaintiff provided to Elliott.

35.     On September 11, 2017, Elliott responded stating that he was working to get spaces to accommodate those with "handicap placards." He told Plaintiff that she should apply for a placard, and that one was necessary to obtain a permanent parking space. He said that in the meantime he would make every effort to find Plaintiff a vacant spot.

36.     Upon information and belief, Elliott's statement about permanent parking spots being unavailable was not true, because whenever attorneys joined Bartlett they were immediately assigned a permanent parking spot. Elliott never gave Plaintiff a place to park in the building, even on a temporary basis.

37.     One of Bartlett's paralegals, Akil Moore, had an assigned parking space in the building and offered Plaintiff his parking space.

38.     For several months thereafter, Plaintiff parked in the space Moore had given to her.

39.     On or about March 19, 2018, Plaintiff arrived to work and found a car in the parking space given to her by Moore. Plaintiff emailed Elliott advising him of the car in the space and asked where her new parking space was.

40.     Plaintiff later learned that Bartlett provided a new attorney (non-disabled) the parking space Plaintiff was using.

41.     On March 19, 2018, Elliott replied, "Please park across the street going forward."

42.     Plaintiff replied, "So you want me to park in the Sears parking even though I have a documented disability and have provided you with a doctor's note, per your instruction?"

43.     On March 19, 2018, Elliott replied that Plaintiff had to apply for a "handicap placard" and if she did so, then he would get Plaintiff a "handicap space" *across the street*.

44.     Elliott also told Plaintiff that he had never given her authority to park in the space she had been using.

45.     Elliott then wrote to Plaintiff, "I do not have a single other space for anyone *other than attorneys*. The building does not have any more handicap spaces, therefore a reasonable accommodation under the ADA would be a handicap space *across the street*. Until you have satisfied these requirements, please park in the [S]ears parking." (emphasis added).

46.     Plaintiff never requested a "handicap" parking space in either the office garage or across the street at the Sears parking lot.  A space across the street, whether or not set aside for those with disabilities, was not an accommodation, as it still would require Plaintiff to walk up an incline to get to Bartlett.

47.     Plaintiff told attorney Jeffrey Wolk, Esq., one of the attorneys at Bartlett that Plaintiff worked with, that if she had to park across the street she would be forced to resign because the uphill walk was too painful.

48.     In response, Wolk told Plaintiff that he did not want to lose her over a parking space.

49.     Wolk then called Elliott and told him that he was giving his parking space to Plaintiff. Elliott told Wolk to put it in an email and Wolk did so.

50.     On or about March 20, 2018, Plaintiff parked in Wolk's parking space.  Soon after, Plaintiff received a message from receptionist Stefanie Barefoot telling her that Elliott wanted Plaintiff to move her car across the street.

51.     On March 20, 2018, Plaintiff emailed Barefoot, copying Wolk and Elliott. Plaintiff wrote, "Per Jeff's instructions, I am parked in his space with his permission. Is it your directive to me

that I am to move my car across the street to the Sears parking lot[?] I ask that you please respond to this e-mail before I will take such action."

52.    Elliott replied, copying Barefoot, Wolk, and Bartlett's managing partner Louis Tassan, Esq., "Please park across the street until Mr. Tassan has made a decision regarding this issue."

53.    The next day, on March 21, 2018, Plaintiff was out sick and her doctor diagnosed her with pneumonia.  Plaintiff was sick for several days thereafter.

54.    While Plaintiff was out sick, Roth called Plaintiff a few times urging her to "let this parking situation go."  In one call, Roth told Plaintiff that he had spoken with Tassan, who said that parking spaces were reserved only for attorneys and that it would "open a can of worms" if the firm allowed a secretary to park in the building.

55.    It became clear to Plaintiff that Bartlett was not going to provide her with a parking space in the building and parking across the street caused Plaintiff too much pain.

56.    Due to the intolerable work conditions and the exacerbation of her disabilities because of Bartlett's actions, Plaintiff was left no choice but to resign on April 6, 2018.

57.    On July 23, 2018, Plaintiff began working at Babchik & Young, LLP ("B&Y") as a Legal Administrative Assistant. B&Y automatically provided Plaintiff with a parking space that met Plaintiff's needs, without any reasonable accommodation being necessary.

58.    Accordingly, Plaintiff did not notify B&Y of her disability.

59.    In or about September 2018, Defendant hired a private investigator to harass, follow, film and report on Plaintiff back to Bartlett.

60.    On December 18, 2018, Bartlett then issued "interrogatories" to B&Y as a way to retaliate and further harass Plaintiff.  A copy is attached hereto as **Exhibit C**.  The interrogatories

related to Plaintiff's charge of discrimination against Bartlett which was pending before the EEOC.

61.     The interrogatories alerted B&Y of Plaintiff's disability without Plaintiff's consent.

62.     Upon information and belief, Bartlett served the interrogatories on B&Y, which it knew to be Plaintiff's current employer, with the intent to interfere with her current employer.

**AS AND FOR A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER THE
AMERICANS WITH DISABILITIES ACT**

63.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64.     Plaintiff claims Defendant violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

65.     SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

66.     Defendant violated the section cited herein by failing to consider Plaintiff's requests for a reasonable accommodation, as well as discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of her disability and for having complained of discrimination.

67.     Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER THE
## AMERICANS WITH DISABILITIES ACT

68.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69.     SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

70.     Defendant violated the above and Plaintiff suffered numerous damages as a result.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE
## NEW YORK STATE LAW

71.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72.     Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

73.     Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her disability, and causing a hostile work environment.

74.     Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE
## NEW YORK STATE LAW

75.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76.    New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

77.    Defendant engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(A)    A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned laws of the United States and New York State;

(B)    Awarding Plaintiff all back pay sustained as a result of the Defendant's conduct;

(C)    Awarding Plaintiff compensatory damages;

(D)    Awarding Plaintiff punitive damages;

(E)    Awarding Plaintiff consequential damages;

(F)    Awarding Plaintiff any other statutory penalties as recoverable under applicable laws and statutes;

(G)     Awarding Plaintiff costs and disbursements incurred in connection with this

action, including reasonable attorneys' fees, expert witness fees, and other costs;

(H)     Pre-judgment and post-judgment interest, as provided by law; and

(I)     Granting Plaintiff such further relief as this Court finds necessary and proper.

Dated:  New York, New York
            September 25, 2019

                                        Respectfully submitted,
                                        BERLINGIERI LAW, PLLC
                                        *Attorney for Plaintiff*
                                        244 Fifth Avenue, Suite F276
                                        New York, New York 10001
                                        Tel.:   (347) 766-1728
                                        Fax:   (914) 730-1044
                                        Email: Melissa@nyctlaw.com

                            By:   _____
                                        MELISSA ALEXIS RODRIGUEZ (MR1420)

# Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

# DETERMINATION

**Charging Party:**                                    **Charge No:**

Name:          Cara M. Piliero                          520-2018-04037

Address        6 Winslow Circle
               Tuckahoe, New York 10707

**Charging Party's Attorney:**

Name:          Anne L. Clark, Esq.

               Vladeck, Raskin & Clark P.C.
Address:       565 Fifth Avenue, 9th Floor
               New York, New York 10017

**Respondent**

Name:          Bartlett, LLP

Address:       c/o Michael J. Regan, Esq.
               81 Main Street, Suite 400
               White Plains, NY 10601

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge filed under the Americans with Disabilities Act of 1990 ("ADA"), as amended. Bartlett, LLP ("Respondent") is an employer within the meaning the ADA. All requirements for coverage have been met.

Charging Party alleges discrimination based on disability when Respondent failed to provide her with a reasonable accommodation and she was subsequently forced to resign ("constructive discharge") in violation of the ADA, as amended. The Charging

Party was hired by Respondent as a legal secretary in February 2017. The Charging Party was provided with her accommodation (a parking spot) until Respondent removed her accommodation on April 6, 2018.

Charging Party further alleges retaliation when Respondent contacted her current employer by disclosing her disability without her consent and retaliation for filing her charge with the Equal Employment Opportunity Commission.

Respondent denies discriminating against Charging Party due to her disability or retaliation. Respondent asserts that Charging Party is not disabled as defined in the Americans with Disabilities Act and not entitled to an accommodation. In its position statement, Respondent asserts that it was not aware of Charging Party's disability and asserts their parking policy is that attorneys are given parking spots in the building where the office is located. Respondent further asserts there is no documentation in Charging Party's employment file. Other evidence provided by Respondent shows Charging Party posted pictures on Facebook of herself that she completed a 2.65 mile walk on October 22, 2017 while still employed with Respondent.

Respondent denies retaliation and asserts there was no disability to disclose to Charging Party's new employer. Respondent also states surveillance video, photographs and Facebook posts contradict allegations of her disability and need for an accommodation. Respondent further states Charging Party has not been retaliated against because she has not been experienced an adverse employment action of her current employer.

The Commission's investigation reveals that, contrary to Respondent's assertions, Respondent did provide Charging Party with a parking spot when she was hired and subsequently told she could not longer park in Respondent's private parking garage.

Further, the Commission's investigation finds that the Charging Party did provide medical documentation of her disability and her need for an accommodation. The record shows The Commission finds that the Charging Party was forced to resign after her accommodation was removed. The record shows that Respondent had contacted Charging Party's current employer with interrogatories relating to Charging Party's EEOC Charge (520-2018-04037) that was currently under investigation.

Based on the above, Respondent's asserted defense does not withstand scrutiny and the Commission has determined that there is reasonable cause to believe that Respondent has discriminated against Charging Party on account of her disability.

This determination is final. The ADA requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion.  Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter.  Enclosed is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with the ADA and the Commission's Procedural Regulations.  The confidentiality provisions of Section 107 of the ADA and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to enter into conciliation discussions, or when the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

Kevin J. Berry
District Director

APR 2 3 2019
_____
Date

3

# Exhibit B



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
District Office: (212) 336-3620

Cara M. Piliero
6 Winslow Circle
Tuckahoe, NY 10707

EEOC Charge No. 520-2018-04037
Cara Piliero v. Bartlett, LLP

The Commission has determined that efforts to conciliate this charge as required by the Americans with Disabilities Act (ADA) of 1990, as amended, have been unsuccessful. No further efforts to conciliate this case will be made.

The Commission has also determined that it will not bring a lawsuit against the above named respondent. The issuance of the enclosed Notice of Right to Sue under the ADA concludes the processing of your charge by the Commission. If you decide to sue, you must file a lawsuit in Federal District Court within 90 days of receipt of this letter and Notice of Right to Sue.

On Behalf of the Commission:

_____
Kevin J. Berry
District Director

JUN 2 8 2019
_____
Date

enc.

cc:

Michael J. Regan, Esq.
Bartlett, LLP
81 Main Street, Suite 400
White Plains, NY 10601

Anne L. Clark, Esq.
VLEDECK, RASKIN & CLARK, P.C.
565 Fifth Avenue, 9ᵗʰ Floor
New York, New York 10017

EEOC Form 161-A (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| | | |
|---|---|---|
| To: | **Cara M. Pillero**<br>**6 Winslow Circle**<br>**Tuckahoe, NY 10707** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-04037** | **Roxanne Zygmund,**<br>**Investigator** | **(212) 336-3764** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kevin S. Berry* (signature)                                      JUN 28 2019

Enclosures(s)

**Kevin J. Berry,**
**District Director**                                             *(Date Mailed)*

CC:   **Michael J. Regan, Esq.**          **Anne L. Clark, Esq.**
      **BARTLETT LLP**                     **VLEDECK, RASKIN & CLARK, P.C.**
      **81 Main Street, Suite 400**        **565 Fifth Avenue, 9th Floor**
      **White Plains, NY 10601**           **New York, NY 10017**

# Exhibit C

# BARTLETT LLP

81 MAIN STREET | WHITE PLAINS, NEW YORK 10601
TEL: 914.448.0200 | FAX: 914.448.0215 | www.bartlettllp.com

## FAX COVERSHEET

DATE:

| TO: | FAX NUMBER | PHONE NUMBER |
|---|---|---|
| Babchik + Young | 914-470-0009 | |
| | | |
| | | |
| | | |
| | | |
| FROM: | 1(914)448-0215 | |

RE: _____

Index No.: _____    Bartlett File No.: _____

No. of pages Transmitted (including this cover page): 6

MESSAGE:

IF YOU HAVE NOT RECEIVED THE TOTAL NUMBER OF PAGES OR NEED ASSISTANCE, PLEASE CALL [INSERT CONTACT NAME] AT [INSERT CONTACT PHONE NUMBER WITH EXTENSION].

Please take notice: This transmission (including attachments) is subject to attorney/client privilege and contains confidential information intended only for the person(s) to whom this transmission message is addressed. This transmission may be covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521, which provides criminal penalties for your use of this transmission without permission. This message may contain Protected Health Information covered under HIPAA Rules and HITECH Standards including, but not limited to, all applicable requirements of the HIPAA Security rule in 45 C.F.R. §§ 164.308, 164.310,164.312 and 164.316, including any amendments thereto. If you have received this transmission in error, please notify the sender immediately by telephone, collect, if necessary, or e-mail for instructions to facilitate the return of this communication. Thank you for your anticipated cooperation.



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

JAN 2 8 2019

DATE RECEIVED



81 MAIN STREET | WHITE PLAINS, NEW YORK 10601
TEL: 914.448.0200 | FAX: 914.448.0215 | www.bartlettllp.com

December 18, 2018

**VIA FACSIMILE**

<u>Attn</u>: Director of Human Resources
Babchik & Young, LLP
245 Main Street, Suite 330
White Plains, NY 10601

      *Re:*    *Cara M. Piliero v. BARTLETT, LLP*
             *EEOC Charge No. 520-2018-04037*

Dear Sir or Madam:

Please be advised that we represent the respondent, BARTLETT, LLP, in the above-referenced matter that is currently pending before the Equal Employment Opportunity Commission ("EEOC"). Attached you will find interrogatories related to the issues presented in the EEOC proceeding.

Please do not hesitate to contact me with any questions regarding this matter.

Sincerely,

Michael J. Regan

MJR/dd
Attachments (as noted)

NASSAU | WESTCHESTER | SUFFOLK | NEW YORK CITY | ROCKLAND | FLORIDA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

---

CARA M. PILIERO,

        Complainant,                   Charge No. 520-2018-04037

    - against -

BARTLETT, LLP,

        Respondent.

---

TO:    Babchick & Young, LLP
       245 Main Street, Suite 330
       White Plains, NY 10601

## RESPONDENT'S INTERROGATORIES

    Respondent, through its counsel, BARTLETT, LLP, requests that Babchick & Young, LLP, respond to the following interrogatories. You are required to answer these interrogatories separately and fully in writing, under oath. You are required to respond to these interrogatories no later than thirty (30) calendar days after receipt of these interrogatories, to the undersigned at 81 Main Street, Suite 400, White Plains, New York 10601.

## INSTRUCTIONS

    A. Each Interrogatory is to be answered fully on the basis of information which is in your possession.

    B. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also information as is reasonably available. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

    C. If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination.

D. Every Interrogatory herein shall be deemed a continuing interrogatory and information in addition to or in any way inconsistent with your initial answer to such Interrogatory.

## DEFINITIONS

A. "Complainant" means Cara M. Piliero.

B. "Respondent" means Bartlett, LLP.

C. "Document," "documents," and "writing" means all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

D. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

E. "Produce" and "provide" mean to provide either a legible true copy of the original or any document and/or communication.

F. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

G. "Identify," "identifying," and "identification" when referring to a person mean to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home and business telephone number, title or occupation, each of his or her positions

2

during the applicable period of time covered by any answer referring to such person and relationship, if any, to the agency.

H. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to teach such document:

1. The date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;

2. The identity or descriptive code number, file number, title or label of such document;

3. The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

4. The names of the person(s) to whom such documlent was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

5. The name(s) of the person(s) having present possession, custody, or control of such document(s); and

6. Whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

**NOTE IF ANY INTERROGATORY OR REQUEST IS OBJECTIONABLE, PLEASE CALL COUNSEL FOR THE RESPONDENT BEFORE OBJECTING, IN ORDER TO ATTEMPT TO NARROW THE QUESTION OR AVOID THE OBJECTIONABLE PORTION OR ASPECT. IDENTIFY ALL DOCUMENTS ASSOCIATED WITH EACH INTERROGATORY.**

## RESPONDENT'S INTERROGATORIES

1. Identify all persons answering or supplying information used in answering these Interrogatories.

2. State whether the Complainant has ever worked at Babchik & Young, LLP.

3. If "Yes" to No. 2, provide the dates of employment.

4. If "Yes" to No. 2, state whether Complainant has ever claimed to be disabled.

5. If "Yes" to No. 2, state whether Complainant has ever requested any type of accommodation for a purported disability at any time during her employment.

3

Dated: December 17, 2018
     White Plains, NY

Respectfully Submitted,

BARTLETT, LLP

By: _____
     Michael J. Regan

Attorneys for Respondent BARTLETT LLP
81 Main Street, Suite 400
White Plains, NY  10601
(914) 448-0200